**2022-AC08289**

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI
ASSOCIATE DIVISION**

**JEBRYANT HUDSON**,

      Plaintiff,

v.

**SOUTHWEST CREDIT SYSTEMS, L.P.**

Serve at:
C T Corporation System - Reg. Agt.
120 S Central Ave.
Clayton, MO 63105

      Defendant.

Cause No

Division

**JURY TRIAL DEMANDED**

**PETITION**

COMES NOW JeBryant Hudson ("Plaintiff"), by and through his undersigned counsel, and for his Petition states as follows:

**INTRODUCTION**

1.    This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

3.    This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at his residence in Saint Louis, Missouri.

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

Plaintiff suffered the harms described herein in Saint Louis, Missouri. Venue is proper in the City of St. Louis, Missouri for this reason.

## PARTIES

4.      Plaintiff is a natural person currently residing in Saint Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5.      The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from consumer purchases of goods and services Plaintiff made on his T-Mobile account.

6.      Plaintiff has a bona-fide dispute as to the amount of the debt. While Plaintiff did purchase consumer goods and services on his T-Mobile account, the balance alleged of  $527.20 is not due and owing because, to the best of his knowledge this amount overstates any amount that could be due or owing to Defendant.  Specifically, Plaintiff does not recall his balance being anywhere near this high before Defendant began to collect on the alleged debt.

7.      Defendant Southwest Credit Systems, L.P. ("Defendant") is a foreign corporation with its principal place of business outside the state of Missouri.

8.      The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9.      Defendant is engaged in the collection of debts from consumers through means of using mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

**FACTS**

10.    Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

11.    On July 12, 2020, Defendant sent Plaintiff its collection letter. Plaintiff received this collection letter on or about July 18, 2020. The collection letter told the Plaintiff the balance owed was $527.20 and that Plaintiff should remit the balance to Defendant, or otherwise contact Defendant to notify it of his dispute regarding the balance.

12.    Plaintiff believed the balance to be suspicious for the reasons stated above.

13.    In August of 2020, Plaintiff hired an attorney to advise him with respect to the debt that Defendant was trying to collect.

14.    Plaintiff paid his attorney a significant fee for this representation to ensure that Defendant would be compelled to deal with his attorney once Plaintiff informed Defendant that he had retained counsel.

15.    Shortly after retaining counsel, on or about August 11 of 2020, Plaintiff called Defendant to inform it about his dispute and to provide his attorney's contact information.

16.    This call occurred within the thirty day dispute period as provided by Section 1692g.

17.    Defendant verified plaintiff's identity and stated that his balance was $527.20.

18.    Plaintiff disputed the debt in detail. Specifically, Plaintiff explained that he had a dispute about the amount, didn't have any records that reflect the amount, and didn't remember the original balance being as high as the amount Defendant was attempting to collect.

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

19.    Despite being notified of Plaintiff's dispute, Defendant continued to attempt to collect the debt. Specifically, Defendant restated the amount it was attempting to collect and tried to get Plaintiff on a payment plan; Defendant made an implicit demand that Plaintiff pay the debt on August 11, 2020, a date well within the thirty-day dispute period.

20.    This was a collection communication that overshadowed Plaintiff's dispute rights and caused him to believe that Defendants would not honor his right to dispute the debt or that he had no right to dispute the debt. Specifically, Defendants were refusing to acknowledge Plaintiff's right to dispute the debt by ignoring his dispute and requiring him to pay well within Plaintiff's thirty-day dispute period.

21.    Plaintiff, frustrated at Defendant's non-responsiveness to his dispute, asked Defendant if the amount would be subject to credit reporting.

22.    Defendant refused to tell Plaintiff whether the amount would be credit reported, despite knowing that it would be.

23.    This was a misleading representation of the debt, as Defendant knew for a fact that it was going to credit report the debt.

24.    Shortly after the phone call, Defendant reported the debt to the credit bureaus and refused to notate that the amount of the debt was disputed, despite the fact that Plaintiff had voiced a very clear dispute of the debt prior to the credit reporting and within the statutory dispute period.

25.    Plaintiff stayed on the call to try and clarify the fact that he was disputing the debt and that he had retained counsel.  Defendant continued to make implicit demands that Plaintiff

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

pay the debt on August 11, 2020, stating that the original bill was "not a recent one" and "we have some excellent options  over here for you to go ahead and get this bill taken care of."

26.     Plaintiff then notified Defendant that he was being represented by an attorney on the debt and provided the name of the attorney to Defendant.

27.     While Plaintiff was attempting to provide Defendant with his attorney's telephone number, Defendant interrupted Plaintiff and again attempted to collect the debt by restating the entirety of Plaintiff's account information in an effort to get Plaintiff to bypass his attorney and pay Defendant directly.

28.     This was an explicit attempt to collect the debt directly from Plaintiff, even though Defendant had just been told that Plaintiff was represented by an attorney.

29.     Defendant's conduct showed blatant disregard for Plaintiff's right to cause debt collection communications to stop upon provision of Plaintiff's attorney information.

30.     Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration, and worry.

31.     Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

a.     Plaintiff has been deprived of his statutorily created right to dispute a debt.

b.     Plaintiff has been deprived of his statutorily created right to cause debt collection communication to cease upon provision of his attorney's contact information; and

c.     Plaintiff has been deprived of his statutorily created right to truthful information about the debt because Defendant misrepresented it's knowledge regarding the credit reporting of the debt.

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

32.     The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant engaged in the phone call with Plaintiff.

33.     Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

34.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

35.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a.      Overshadowing Plaintiff's dispute rights. 15 U.S.C. § 1692g.

b.      Falsely representing the character, amount, or legal status of the alleged debts, specifically the fact that Plaintiff was not entitled to attorney representation on the debt and the amount of the debt as stated on the collection letter and phone call and by falsely reporting the debt as non-disputed and due and owing on Plaintiff's credit report.  15 U.S.C. § 1692e; and

c.      Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including but not limited to refusing to acknowledge Plaintiff's right to counsel.  15 U.S.C. § 1692d-f; and

d.      Refusing to cease collection communications with Plaintiff once Defendant knew or should have known that Plaintiff was represented by counsel.  15 U.S.C. § 1692c.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Judgment that Defendant's conduct violated the FDCPA;

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

B.      Actual damages in an amount to be determined by the jury;

C.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §

1692(k); and

D.      For such other relief as the Court may deem just and proper.


                                `               Respectfully submitted,

                                                **ROSS & VOYTAS, LLC**

                                                By: /s/ Richard A. Voytas, Jr.____
                                                Richard A. Voytas, #52046
                                                12444 Powerscourt Drive, Ste 370
                                                St. Louis, MO 63131
                                                Phone: (314) 394-0605
                                                Fax:    (636) 333-1212
                                                rick@rossvoytas.com

                                                Attorney for Plaintiff

**2022-AC08289**

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

In the

# CIRCUIT COURT

### City of St. Louis, Missouri

JEBRYANT HUDSON
_____
Plaintiff/Petitioner

vs.

SOUTHWEST CREDIT SYSTEMS, L.P.
_____
Defendant/Respondent

September 14, 2020
_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff _____, pursuant
Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Associated Research Services - Mark Effinger | 109 Walnut, #785 Festus, MO 63028 | 3147131053 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
C T Corporation System - Reg. Agt.
_____
Name
120 S Central Ave.
_____
Address
Clayton, MO 63105
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
      Deputy Clerk

_____
Date

/s/ Richard A. Voytas, Jr.
_____
Attorney/Plaintiff/Petitioner
52046
_____
Bar No.
12444 Powerscourt Dr., Ste. 370, St. Louis, MO
_____
Address
314-394-0605
_____
Phone No.

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

2022-AC08289

Electronically Filed - City of St. Louis - September 14, 2020 - 03:36 PM

**In the**

# CIRCUIT COURT

## City of St. Louis, Missouri



JEBRYANT HUDSON
Plaintiff/Petitioner

vs.

SOUTHWEST CREDIT SYSTEMS, L.P.
Defendant/Respondent

September 14, 2020
Date

Case number

Division

For File Stamp Only

---

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff                                                    , pursuant
                    Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Associated Research Services - Mark Effinger    109 Walnut, #785 Festus, MO 63028    3147131053
Name of Process Server                          Address                              Telephone

Name of Process Server                          Address                              Telephone

Name of Process Server                          Address                              Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:
C T Corporation System - Reg. Agt.
Name                                            Name
120 S Central Ave.
Address                                         Address
Clayton, MO 63105
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk                /s/ Richard A. Voytas, Jr.
                                                Attorney/Plaintiff/Petitioner
                                                52046
By _____                              Bar No.
Deputy Clerk                                    12444 Powerscourt Dr., Ste. 370, St. Louis, MO
                                                Address
9-24-20                                         314-394-0605
Date                                            Phone No.



## SPECIAL PROCESS SERVER

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>NICOLE JEAN COLBERT BOTCHWAY | Case Number:<br>**2022-AC08289** | Special Process Server 1<br>M EFFINGER |
|---|---|---|
| Plaintiff/Petitioner:<br>JEBRYANT JOHN HUDSON | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO  63131<br>(314) 394-0605 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>SOUTHWEST CREDIT SYSTEMS L .P | Date, Time and Location of Court Appearance:<br>**21-OCT-2020, 09:30 AM**<br>**Division 28**<br>**CIVIL COURTS BUILDING**<br>**10 N TUCKER BLVD**<br>**SAINT LOUIS, MO  63101** | |
| Nature of Suit:<br>AC Other Tort | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at http://www.stlcitycircuitcourt.com/ | (Date File Stamp) |

## Associate Division Summons

The State of Missouri to: SOUTHWEST CREDIT SYSTEMS L .P
                          Alias:

120 S CENTRAL AVE.
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court physically if the courthouse is open to the public for said proceedings or virtually if not on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are required until further order of this Court. \*\*\***
If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

|  |  |
|---|---|
| September 24, 2020 | |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to: _____ (name) _____ (title).
☐ other: _____
Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
     Printed Name of Sheriff or Server                        Signature of Sheriff or Server
            **Must be sworn before a notary public if not served by an authorized officer.**
            Subscribed and sworn to before me on _____ (date).
*(Seal)*
            My commission expires: _____
                                       Date                              Notary Public

28

## Information For Virtual Appearances via Webex Associate Circuit Civil Cases – Page 1

During the Coronavirus pandemic ( COVID-19) , **the 22ˢᵗ Judicial Circuit (St. Louis City)** has remained open and operational with limited access for in-person appearances pursuant to Missouri Supreme Court Orders and Operational Directives.  Until further court order, all associate civil cases pending in **Divisions 28** will be conducted virtually via the **Webex** or other court approved video technology.

In order to participate through **Webex** or other court approved video technology, you **MUST** have a valid email address or access to a phone.

You may appear in one of three ways:

1. Attend by **Webex** or other court approved video technology (computer or smart phone);
2. Attend by **Webex** or other court approved audio technology (telephone);
3. **Only appear in person if you have been informed that Division 28 will conduct in person proceedings on the date your hearing is set.**
   To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours.
   You can access your case online on CaseNet at www.courts.mo.gov

**If you fail to appear at your scheduled Court hearing by one of the three methods above, a default judgment may be entered against you.**

**To appear at the Webex hearing please follow the steps below:**

**Parties are required to appear in court on the date ordered physically if the courthouse is open for your specific proceeding or virtually using the below URL link and/or Audio Connection with the Meeting Number/Access Code 961 544 759**

**URL:**
https://mocourts.webex.com/join/nicole.colbert-botchway

**Meeting Number:**
**961 544 759**

**Video Address:**
nicole.colbert-botchway@mocourts.webex.com

**Audio connection:**
**United States Toll +1-408-418-9388**

**Access code:**
**961 544 759**

## <u>Additional Information For Self-Represented Litigants on Associate Circuit Civil Cases – Page 2</u>

1. The **WebEx** app is free and available through all phone app stores, such as the Google Play store or iTunes.  The call in number is a toll call.

2. At the time of your scheduled hearing, you should log into **Webex** or call in using the audio connection above.

3. If you have any questions, please call the **Division 28 court clerk at 314-613-3185**.

4. VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.

5. Until your next court date, please consider the following:

   - You can monitor the status of your case online on CaseNet at www.courts.mo.gov.  Use the "Track this Case" feature to automatically receive emails or text messages about your case.

   - **Before coming to the courthouse**, please check the St. Louis City Circuit Court website at **www.stlcitycircuitcourt.com** to determine whether the courthouse will be open on the day of your scheduled court hearing.

   - To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours. Due to the increased volume of calls, court clerks may not be available at all times to answer questions via telephone.

   - You have the right to hire an attorney to represent you.

   - Attorneys must **mark and** e-file all documents.

   - If you are not represented by a lawyer, you may file answers or other pleadings with the court by mail, or **when the Court is open to the public** come in person to the St. Louis **City Circuit Clerk's office, 10 North Tucker, St. Louis, MO 63108.**

   - Parties are encouraged, but in no way required, to engage in settlement discussions regarding their cases.  If a settlement is reached, a Consent Judgment resolving the case may be filed with the court.  A consent judgement must be signed by all the parties and dated.